**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RICHARD HARRIS,              :
                                 :      Civil Action No. 11-3791 (RBK)
            Plaintiff,    :
                                 :
            v.               :      **MEMORANDUM OPINION**
                                 :
DONNA ZICKEFOOSE, et al.,   :
                                 :
           Defendants.   :

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Richard Harris
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**KUGLER**, District Judge

    Plaintiff Richard Harris, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks to bring this civil action <u>in</u> <u>forma</u> <u>pauperis</u>, without prepayment of fees or security, asserting claims related to his medical care.

    Civil actions brought <u>in</u> <u>forma</u> <u>pauperis</u> are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

    Under the PLRA, a prisoner seeking to bring a civil action <u>in</u> <u>forma</u> <u>pauperis</u> must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay

the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit

a certified copy of his inmate trust fund account statement(s)

for the six-month period immediately preceding the filing of his

complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain

this certified statement from the appropriate official of each

prison at which he was or is confined.  Id.

     Even if the prisoner is granted in forma pauperis status,

the prisoner must pay the full amount of the $350 filing fee in

installments.  28 U.S.C. § 1915(b)(1).  In each month that the

amount in the prisoner's account exceeds $10.00, until the

$350.00 filing fee is paid, the agency having custody of the

prisoner shall assess, deduct from the prisoner's account, and

forward to the Clerk of the Court an installment payment equal to

20 % of the preceding month's income credited to the prisoner's

account.  28 U.S.C. § 1915(b)(2).

     Plaintiff may not have known when he submitted his complaint

that he must pay the filing fee, and that even if the full filing

fee, or any part of it, has been paid, the Court must dismiss the

case if it finds that the action: (1) is frivolous or malicious;

(2) fails to state a claim upon which relief may be granted; or

(3) seeks monetary relief against a defendant who is immune from

such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis

actions).  See also 28 U.S.C. § 1915A (dismissal of actions in

which prisoner seeks redress from a governmental defendant); 42

U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

In this action, Plaintiff failed to submit a complete <u>in forma pauperis</u> application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement. <u>See</u>, <u>e.g.</u>, <u>Tyson v. Youth Ventures, L.L.C.</u>, 42 Fed.Appx. 221 (10th Cir. 2002); <u>Johnson v. United States</u>, 79 Fed.Cl. 769 (2007). Specifically, Plaintiff failed to submit a complete signed application detailing his assets and liabilities. He also failed to submit a certified six-months institutional account statement detailing his deposits and withdrawals and his final balance.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

<u>CONCLUSION</u>

3

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to move to re-open within 30 days.[1]

An appropriate Order will be entered.


s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: July 6, 2011

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).